# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ESTATE OF WILLIAM BECZO, Deceased, by and through JILLIAN BECZO as Administratrix,<br><br>Plaintiff,<br><br>v.<br><br>PORT LUMBER CORP., et al.,<br><br>Defendants. | Civ. Action No. 23-1338 (MAS) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge**.

**PRESENTLY** before the Court is a Motion by Plaintiff Estate of William Beczo, by and through Jillian Beczo as Administratrix ("Plaintiff"), for Leave to Amend her Complaint (the "Motion"). (Doc. No. 84). Defendants Port Lumber Corp. ("Port Lumber") and George Bagwell ("Bagwell") (collectively, "Defendants") oppose the Motion. (Doc. No. 85). Plaintiff replied (Doc. No. 86), and with leave of Court, Defendants sur-replied (Doc. No 89). The Court has fully considered the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons set forth below, and for good cause shown, the Court **GRANTS** the Motion.

## I.  RELEVANT BACKGROUND AND PROCEDURAL HISTORY

As the parties are familiar with the background and procedural history of this matter, the Court recites only those facts relevant to the present Motion.  Plaintiff filed her complaint against Defendants (the "Complaint") on March 9, 2023, asserting negligence, wrongful death, and survivor act claims arising from a June 17, 2022 motor vehicle incident which resulted in the death of William Beczo (the "Decedent").  (*See generally* Doc. No. 1).  Specifically, Plaintiff alleges that Bagwell struck the Decedent while driving a truck for his employer, Port Lumber.  (Doc. No. 1 at ¶¶ 6-7).  Following an initial scheduling conference, the Court set discovery deadlines, including a deadline of July 8, 2024 to file any motions to amend.  (Doc. No. 32).  Discovery ensued, and the Court extended those deadlines several times thereafter at the request of the parties.  (*See* ECF Nos. 53, 73, 80).

Plaintiff took Bagwell's deposition on October 14, 2024.  (*See generally* Doc. No. 85-1, Exhibit 7).  During the deposition, Plaintiff's counsel inquired whether Bagwell received adequate rest before the June 17, 2022 incident.  (Doc. No. 85-1, Exhibit 7 at 166:2-169:2; 295:2-298:3).  Bagwell testified that he felt well rested before operating the vehicle on June 17, 2022.  (Doc. No. 85-1, Exhibit 7 at 297:23-298:3).  Bagwell also testified that Port Lumber requires its drivers to track their hours on duty in a daily logbook.  (Doc. No. 85-1, Exhibit 7 at 280:23-285:8).

On April 30, 2025, Port Lumber produced a previously undisclosed document which, according to Plaintiff, demonstrates that Bagwell failed to turn in his driver logs

for his May 31, June 1, and June 2, 2022 shifts in violation of the Federal Motor Carrier Safety Regulations ("FMCSR").  (Doc. No. 86-1 at ¶ 6).  On May 5, 2025, Plaintiff's counsel deposed Charlie Edwards, a Port Lumber employee, who testified that the document was created by Jean Reino, another Port Lumber employee.  (Doc. No. 86-1 at ¶ 7).  Plaintiff's counsel deposed Reino on July 21, 2025.  (Doc. No. 86-1 at ¶ 7).

On June 2, 2025, the parties submitted a joint letter to the Court regarding the status of discovery and requesting further extensions of the discovery deadlines.  (Doc. No. 77-2).  The Court extended the deadlines and moved the deadline to file any motions to amend to August 11, 2025.  (Doc. No. 80).  Plaintiff filed this Motion on that date.  (Doc. No. 86).  The parties completed all fact depositions as of December 2, 2025 and have proceeded to expert discovery.  (*See* Doc. No. 100).

Through the Motion, Plaintiff requests leave to add new factual allegations and a demand for punitive damages to her Complaint.  (*See generally* Doc. No. 84).  Specifically, Plaintiff seeks to allege that Bagwell failed to adequately rest before driving on June 17, 2022 and that his fatigue caused the accident.  (*See* Doc. No. 84-3, Exhibit B at ¶¶ 16-19).  Plaintiff further aims to claim that Bagwell knowingly violated the FMCSR by driving while fatigued and failing to submit his driver logs for several dates prior to the June 17, 2022 accident.  (*See* Doc. No. 84-3, Exhibit B at ¶¶ 18, 27-33).  In support of her punitive damages demand, Plaintiff intends to add allegations that Bagwell knew that driving while fatigued violates the FMCSR and is dangerous to the public.  (*See* Doc. No. 84-3, Exhibit B at ¶ 18).

As to Port Lumber, Plaintiff seeks to add allegations that it should have been aware that Bagwell failed to turn in his driver logs in violation of its own policies and the FMCSR. (*See* Doc. No. 84-3, Exhibit B at ¶¶ 21-33). Plaintiff also intends to allege Port Lumber failed to enforce its policies and properly supervise Bagwell and that it wantonly and recklessly allowed Bagwell to drive when it knew he was fatigued. (*See* Doc. No. 84-3, Exhibit B at ¶¶ 35-38). In light of the above, Plaintiff seeks to amend the Complaint to add a demand for punitive damages to her negligence and survival act claims. (*See* Doc. No. 84-3, Exhibit B at ¶¶ 39-50).

In support of the Motion, Plaintiff argues that Delaware and not New Jersey law should apply to her punitive damages demand because Delaware has the most significant relationship to the June 17, 2022 accident. (*See generally* Doc. No. 84-1). Plaintiff also argues that, under Delaware law, her proposed amendments are not futile. (*See generally* Doc. No. 84-1). In opposition, Defendants contend that Plaintiff's punitive damages demand is barred by the statute of limitations because it does not relate back to the date of the original Complaint. (*See* Doc. No. 85 at pp. 11-15). Defendants further argue that, even if the amendments are not time barred, the Court should deny leave because Plaintiff unduly delayed filing the Motion and her proposed amendments are otherwise futile. (*See* Doc. No. 85 at pp. 15-28). Finally, Defendants argue that New Jersey law should apply because New Jersey has the most significant relationship to the punitive damages demand. (*See* Doc. No. 85 at pp. 28-35).

4

In reply, Plaintiff argues that Defendants were given fair notice of the proposed amended complaint because the original Complaint contained allegations that Bagwell caused the crash due to fatigue. (*See* Doc. No. 86 at p. 2). Plaintiff further contends that there was no delay in filing the Motion because she did not have the necessary information to amend the Complaint until after deposing Reino on July 21, 2025. She adds that Defendants have not articulated any undue prejudice they would suffer if the proposed amendments were permitted. (*See* Doc. No. 86 at pp. 4-9). Plaintiff also contends that she adequately pleads a claim for punitive damages, which she again argues is governed by Delaware law.[1] (*See* Doc. No. 86 at pp. 9-15).

With leave of Court, Defendants filed a sur-reply. (*See* Doc. No. 89). In it, Defendants argued that Plaintiff's proposed amended complaint lacks any supporting evidence to demonstrate that Defendants understood and consciously disregarded any safety risks associated with Bagwell allegedly driving while fatigued. (Doc. No. 89 at p. 5). Defendants also reiterate their arguments that the punitive damages demand does not relate back and that New Jersey has a more significant relationship to the punitive damages claim. (Doc. No. 89 at pp. 6-12).

---

[1] According to Plaintiff, New Jersey and Delaware law genuinely conflict, both because New Jersey law has a cap on punitive damages and Delaware law does not and because New Jersey requires clear and convincing evidence for punitive damages, while Delaware only requires a preponderance of evidence. (*See* Doc. No. 86 at pp. 12-13).

## II.   LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal standard reflects a preference 'that claims will be decided on the merits rather than on technicalities.'" *Rx ReLeaf LLC v. Relief TMS LLC*, No. 23-3551, 2024 WL 4894768, at *4 (D.N.J. Nov. 26, 2024) (quoting *Arista Recs., Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 419 (D.N.J. 2005)). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) the amendment would be futile. *See, e.g. Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). The decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

## III.   DISCUSSION

Defendants raise three main objections to Plaintiff's Motion. First, Defendants argue that Plaintiff unduly delayed seeking leave to amend. Second, Defendants contend that granting leave to amend would unduly prejudice them. Third, they argue that Plaintiff's new allegations are futile because they are time-barred and fail to state a plausible claim for punitive damages.

6

### A.    UNDUE DELAY

The Court first considers whether Plaintiff has acted with undue delay in bringing this Motion.  While the mere passage of time alone is insufficient to deny leave to amend, *Arthur  v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006), "at some point, the delay will become undue" based on the burdens it places on the Court or the burdens and prejudice it poses to the opposing party, *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  Accordingly, a court will focus on why a movant did not seek to amend sooner and consider "whether new information came to light or was available earlier to the moving party."  *Ford Motor Co. v. Edgewood Prop., Inc.*, No. 06-1278, 2011 WL 1321605, at *2 (D.N.J. Apr. 4, 2011) (quoting *in re Adams Golf, Inc. Secs. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004)) (internal quotation marks omitted).

Indeed, delay becomes undue when the movant has had previous opportunities to amend the complaint.  *Adams v. DMG Park, LLC*, No. 21-17442, 2025 WL 2962484, at *7 (D.N.J. Oct. 20, 2025) (citing *Cureton*, 252 F.3d at 273).  "That is especially so if the movant had knowledge of the facts underlying the proposed amendment when they filed previous versions of the complaint."  *Id.* (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)); *see also Holmes v. Christie*, No. 16-1434, 2023 WL 8016055, at *5 (D.N.J. Nov. 17, 2023) ("The inquiry into undue delay includes consideration of the court's 'interests in judicial economy and finality,' as well as a 'focus on the movant's reasons for not amending sooner.'" (quoting *USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir. 2004)) (internal editing marks omitted)).

7

Here, Defendants argue that Plaintiff acted with undue delay because she was aware of the potential claim for punitive damages as late as Bagwell's October 14, 2024 deposition—ten months before she filed this Motion. (Doc. No. 85 at p. 20). They further contend that Plaintiff waited until the very last day to file the Motion, which was twenty-nine months after filing suit and after years of discovery. (Doc. No. 85 at pp. 15-17).

In response, Plaintiff argues that she did not discover facts sufficient to support a demand for punitive damages until the deposition of Reino on July 21, 2025—less than one month before filing the Motion. (Doc. No. 86 at p. 7). Plaintiff further contends that her delay in filing the Motion was caused by Defendants' failure to timely produce a document which purportedly shows that Bagwell failed to submit his driver logs for several dates prior to the June 17, 2022 incident. (Doc. No. 86 at p. 7; *see also* Doc. No. 79). Plaintiff's proposed amended complaint references Bagwell's alleged failure to produce those driver logs several times in support of her claims. (*See* Doc. No. 84-3 at ¶¶ 21-23, 27-33).

Courts generally hold that motions to amend a complaint which are filed shortly after a party learns relevant information do not present any undue delay. *See, e.g.*, *Wise v. Hickman*, No. 18-12994, 2020 WL 6375788, at *6 (D.N.J. Oct. 30, 2020) (finding no undue prejudice or delay where the plaintiff moved to amend within ten days of receiving relevant deposition transcripts); *Reyes v. City of Paterson*, No. 16-2627, 2017 WL 2634362, at *3 (D.N.J. June 19, 2017) (finding no undue delay where the plaintiff moved

to amend the complaint seventeen days after receiving relevant discovery); *Cincerella v. Egg Harbor Twp. Police Dep't*, No. 06-1183, 2007 WL 2682965, at \*4 (D.N.J. Sept. 6, 2007) (finding no undue delay where the plaintiff "promptly moved to amend his complaint after relevant depositions were taken."). Here, Plaintiff filed the instant Motion twenty-one days after conducting the deposition of Reino, the individual that prepared the documents that inform many of Plaintiff's proposed amendments.

Defendants' argument that Plaintiff should have known of the facts necessary to amend the Complaint following the deposition of Bagwell is unavailing. While Bagwell discussed the logs during his deposition, and Plaintiff's counsel inquired as to the amount of sleep Bagwell got before the accident, at no point did Bagwell indicate that he failed to turn in his logs as Plaintiff now claims. (*See* Doc. No. 85-1, Exhibit 7). He also testified that he was well rested on June 17, 2022, which is at odds with Plaintiff's proposed amended allegations. (Doc. No. 85-1, Exhibit 7 at 297:23-298:3). Bagwell's deposition therefore could not have provided Plaintiff an adequate basis to bring the instant Motion.

Moreover, there is no indication that granting Plaintiff leave to amend would necessarily require a re-opening of factual discovery.[2]   Rather, it appears Plaintiff's

---

[2] The Court recognizes that both Delaware and New Jersey case law regarding punitive damages includes certain factual discovery that may be distinct from factual discovery sought for liability and other damages. *See, e.g.*, *Herman v. Sunshine Chem. Specialties, Inc.*, 133 N.J. 329, 339 (1993) (recognizing defendant's financial condition is to be considered when awarding punitive damages); *Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 531 (Sup. Ct. Del. 1987) (recognizing that, if plaintiff's theory for punitive damages relies "on an error

9

proposed amendments seek to conform her pleading to the discovery obtained in this matter. Accordingly, the Court finds no undue delay.

## B.    UNDUE PREJUDICE

The Court next considers whether granting Plaintiff leave to amend would result in undue prejudice to Defendants. In evaluating potential prejudice, the Court must consider "hardship to the defendants if the amendment were permitted." *Cureton*, 252 F.3d at 273. Undue prejudice may include "the irretrievable loss of evidence, the dimming of witnesses' memories, or the excessive irremediable burdens or costs imposed on the non-moving party if an amendment is granted." *In re Caterpillar Inc.*, 57 F. Supp. 3d 663, 668 (D.N.J. 2014). Undue prejudice may also include significant delays in resolving the case, *Long*, 393 F.3d at 273, and the need "to defend against new facts or new theories[,]" *Cureton*, 252 F.3d at 273.

Defendants contend that they would be unduly prejudiced by the amendments because they conducted substantial factual discovery without knowing that Plaintiff would ultimately seek to add these new allegations and new theory of damages. (Doc. No. 85 at p. 20). In response, Plaintiff submits that Defendants failed to articulate any specific prejudice which would justify denying leave to amend. (Doc. No. 86 at p. 9).

---

of judgment, a form of passive negligence," the plaintiff bears a substantial burden to show "that the precise harm which eventuated must have been reasonably apparent but consciously ignored in the formulation of the judgment"). Although factual discovery has closed in this matter, neither party has articulated the need for any further factual discovery if the Court were to grant leave to amend.

Plaintiff's proposed amendments present new facts and theories from which Defendants must defend themselves. This Court has found that the assertion of a new damages theory in "an already aged case" would likely cause additional factual and expert discovery of an unknown extent, thereby unfairly prejudicing the defendant. *Holmes*, 2023 WL 8016055, at *6. However, on this record, neither party has expressed the need to expand discovery if leave to amend were granted. The parties completed fact discovery and ensued with expert discovery while the Motion remained pending, and neither party has sought an extension of any discovery deadlines as a result of the pending Motion. Indeed, Defendants do not contend that they would need additional discovery to defend against the amended allegations and claim for punitive damages. Accordingly, the Court does not find that, on this record, amendment would unfairly prejudice Defendants in this context.

### C.    FUTILITY

Finally, Defendants contend that Plaintiff's proposed amendments are futile. Defendants argue that the proposed amendments are barred by the statute of limitations and do not adequately state a claim for punitive damages, even when the amended allegations are accepted as true. (Doc. No. 85 at 11-15; 21-28).

Proposed amendments are futile where "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Merck & Co. Inc. Secs., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007). The Court "determines futility by taking all pleaded allegations as true and viewing them in a light most

11

favorable to the plaintiff." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *Winer Fam. Tr. v. Queen*, 503 F.3d 267, 280 (3d Cir. 2004)).   In other words, the Court applies the familiar standard of Federal Rule of Civil Procedure 12(b)(6) to the proposed amendments.  *Id.*

At issue here is whether Plaintiff's proposed amendments plausibly state a claim for punitive damages.  Courts in this Circuit have expressed reluctance to dismiss a claim for punitive damages at the motion to dismiss stage.  *See Toc v. Wal-Mart Stores E., L.P.*, No. 25-929, 2025 WL 3657210, at *6 (E.D. Pa. Dec. 17, 2025) (collecting cases); *Hernandez v. City of Paterson*, No. 22-6763, 2023 WL 6876008, at *12 (D.N.J. Oct. 18, 2023) ("The propriety of punitive damages is determined by a plaintiff's proofs, and therefore, dismissal of punitive damages claims at the motion to dismiss stage is generally premature[.]").  In their submissions, Defendants emphasize that, in their view, Plaintiff does not have sufficient evidence to support an award of punitive damages.  (*See* Doc. No. 89 at p. 5).  However, when considering futility on a request for leave to amend, such an evidentiary showing is not required; rather, Plaintiff must plead facts which, accepted as true, plausibly state a claim for an award of punitive damages.

The parties dispute whether New Jersey or Delaware law applies to Plaintiff's proposed demand for punitive damages.[3]  *See Wang v. N.J. State Police*, No. 18-11933, 2024 WL 3580671, at *18 (D.N.J. July 30, 2024) (demand for punitive damages is not a separate cause of action).  Here, the Court need not conduct a conflict of law analysis on this Motion.  Under either standard, Plaintiff proposes sufficient factual allegations to plausibly seek a demand for punitive damages.

The New Jersey Punitive Damages Act requires a plaintiff to show, by clear and convincing evidence, that the defendant's actions causing the harm "were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions."  N.J.S.A. 2A:15-5.12(a).  Similarly, under Delaware law, a plaintiff may only win an award of punitive damages if the defendant "exhibited a 'willful and wanton disregard for the safety of others.'"  *Godreau-Rivera v. Coloplast Corp.*, 598 F. Supp. 3d 196, 220 (D. Del. 2022) (quoting *Porter v. Turner*, 954 A.2d 308, 312 (Del. 2008)); *see also Jardel*, 523 A.2d at 529 ("[T]he outrageous conduct may be the result of an evil motive or reckless indifference.").

Plaintiff's proposed factual allegations plausibly support her demand for punitive damages.  Notably, Plaintiff alleges that Bagwell drove on June 17, 2022 despite knowingly being fatigued and knowing that driving under such conditions would pose

---

[3]  Plaintiff brings Wrongful Death Act and Survival Act claims under Pennsylvania law. Nevertheless, no party contends on this Motion that Pennsylvania law would apply to Plaintiff's proposed claim for punitive damages.

a safety risk to the public. (Doc. No. 84-3, Exhibit B at ¶¶ 17-18). Plaintiff also alleges that Port Lumber was on notice that Bagwell drove while fatigued and yet knowingly permitted him to drive fatigued. (Doc. No. 84-3, Exhibit B at ¶ 35). Such factual allegations, taken as true, sufficiently support a claim for punitive damages under either Delaware or New Jersey law.[4]

In addition, Defendants contend that Plaintiff's proposed amendments do not "relate back" to her original complaint and are thereby time-barred by the applicable statute of limitations. When a proposed amendment seeks to add a claim after the applicable statute of limitations has run, the Court must determine whether the proposed amendments "relate back" to the date of the original complaint. *Costa v. J. Fletcher Creamer & Sons, Inc.*, No. 16-8492, 2018 WL 3756445, at *2 (D.N.J. Aug. 8, 2018). An amendment relates back to the date of the original pleading where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The central inquiry in a relation back analysis is "whether the *original* complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint." *Glover v. F.D.I.C.*, 689 F.3d 139, 146 (3d Cir. 2012) (quoting *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008)). Courts permit "amendments that

---

[4] On this Motion to Amend, the Court need not resolve any conflict of law issue or whether Plaintiff can ultimately proffer sufficient evidence to support her claims. Rather, the parties can dispute at a later date the appropriate choice of law analysis and whether Plaintiff can proffer sufficient evidence to support her demand.

restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004).

In arguing that the punitive damages claim is time-barred, Defendants contend that New Jersey's statute of limitations for wrongful death actions impose a two-year statute of limitations. (*See* Doc. No. 85 at p. 11 (citing N.J.S.A 2A:31-3)). However, Plaintiff asserts four causes of action: (1) negligence/recklessness against Bagwell; (2) negligence/recklessness against Port Lumber; (3) Wrongful Death against Defendants pursuant to Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. § 8301, or, in the alternative, New Jersey Wrongful Death Act, N.J.S.A. 2A:3A-1 *et seq.*; and (4) Survival claim against Defendants pursuant to Pennsylvania Survival Act 42 Pa. C.S.A. § 8302, or, in the alternative, New Jersey Survival Act, N.J.S.A. 2A:15-3 *et seq.* (*See* Doc. No. 1).

Under both New Jersey and Pennsylvania law, a two-year statute of limitations would apply to all of Plaintiff's causes of action. *See* N.J.S.A. 2A:14-2(a) (two-year statute of limitations for negligence actions); N.J.S.A. 2A:31-3 (two-year statute of limitations for wrongful death action); N.J.S.A. 2A:15-3(b) (two-year statute of limitations for survival action); 42 Pa. C.S.A. § 5524 (two-year statute of limitations for negligence, wrongful death, and survival actions). Because Plaintiff seeks to amend her Complaint more than two years after the June 17, 2022 accident, Plaintiff's proposed amendments would be futile if they do not "relate back" to the original Complaint.

15

Here, Plaintiff seeks to assert additional facts surrounding the June 17, 2022 accident, including Bagwell's conduct and Port Lumber's knowledge thereof. Notably, Plaintiff does not seek to assert a new cause of action, but, rather, seeks to add punitive damages as a form of relief. (*See* Doc. No. 84-3, Exhibit B); *see also Wang*, 2024 WL 3580671, at *18 (punitive damages is not an independent cause of action). Through the Complaint, Plaintiff initially alleged, *inter alia*, that Bagwell operated the truck after "failing to have adequate rest and sleep." (Doc. No. 1 at ¶ 9(r)). Plaintiff further alleged that Port Lumber "failed to properly train and supervise Bagwell." (Doc. No. 1 at ¶ 13(a), (b)). Plaintiff proposed additional allegations—which she learned during discovery—more specifically explain Port Lumber's alleged failure to supervise Bagwell and Bagwell's alleged behavior leading up to the accident.

Plaintiff's proposed amended complaint thus seeks to clarify what she claims to have caused the June 17, 2022 incident based on factual discovery. *See, e.g. Bensel*, 387 F.3d at 310 (finding that amendments relate back because the original complaint "can easily be read to encompass the more particularized claims that appear" in the amendments); *Nepomuceno v. Focus Receivables Mgmt., LLC*, No. 14-7383, 2015 WL 5608130, at *4 (D.N.J. Sept. 23, 2025) (finding that additional information relates back to the original complaint because the new allegations did not create factually and legally distinct causes of action); *D'Costa v. Plaza*, No. 15-5310, 2019 WL 856780, at *7 (D.N.J. Feb. 14, 2019) (finding that allegations that an officer punched the plaintiff relate back to the original claim that police engaged in excessive force). Thus, the proposed

amendments relate back to the date of the original filing and are not time-barred. Accordingly, Plaintiff's proposed amendments are not futile.

## IV.   CONCLUSION

Therefore, having fully considered the parties' submissions, and for the reasons set forth herein and for other good cause shown,

**IT IS** on this **30th** day of **March 2026** hereby

**ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. No. 84) is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file the First Amended Complaint on the docket within five (5) business days of this Order; and it is further

**ORDERED** that Defendants shall file an Answer, Motion, or other Response to the First Amended Complaint within fourteen (14) days of the filing of the First Amended Complaint; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 84; and it is further

17

**ORDERED** that, exercising the Court's discretion to manage its own docket, the Clerk of the Court shall administratively CLOSE this matter pending the joinder of pleadings and further order of the Court.

**SO ORDERED.**

/s/ Rukhsanah L. Singh

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**

18